UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Keith Bryan Webb-El, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case: 1:17-cv-01111   Jury Demand |
| v. | ) Assigned To : Unassigned |
| | ) Assign. Date : 6/9/2017 |
| Thomas R. Kane *et al.*, | ) Description: Pro Se Gen. Civil   (F Deck) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

In 1985, plaintiff was convicted in the United States District Court for the Western District of Texas of second-degree murder and three counts of injury to a child; he is serving a life sentence. *See Webb-El v. Stewart*, No. CV PWG-15-1510, 2015 WL 11090390, at *1 (D. Md. June 3, 2015); *Webb-El v. Stewart*, No. CIV.A. PWG-14-1961, 2014 WL 6647037, at *1 (D. Md. Nov. 21, 2014). Distilled to its core, the instant complaint challenges the basis of plaintiff's confinement. He sues the director of the Bureau of Prisons; the wardens of the Federal Correctional Institutions in Cumberland, Maryland, and Gilmer, West Virginia, and certain unit and case managers at those facilities; and the chairperson of the U.S. Parole Commission and a parole examiner. *See* Compl. Caption. Plaintiff seeks to hold the defendants liable for

> creating a writ[t]en document, and or instructment [sic] [in his inmate file] that is based upon fuardelent [sic], and or enacccurate [sic] information of the U.S. Government purported non-existing capital offense of second degree murder,

1

> that which he was not charged by a federal grand jury in Count One of the
> Government July 16, 1985 superseding indictment[.]

Compl. at 11. Plaintiff contends that because of the fraudulent and inaccurate information, he has "sustain[ed] physical/and physiological injuries for the past 33 years[.]" *Id.* He seeks $10 million in damages. *Id.* at 16.

Although the complaint is not a model of clarity, the court finds from its review of plaintiff's allegations and the attachments to the complaint that he is questioning the legality of his criminal indictment and, by extension, the sentencing court's judgment and commitment order. If plaintiff were to succeed here, his sentence could not stand. Therefore, this action is "not cognizable unless and until [plaintiff] meets the requirements of *Heck*" by having the conviction invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). "*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration.'" *Id.* (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (alterations in original)). Because nothing in the complaint suggests that plaintiff's convictions have been invalidated, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 30, 2017

United States District Judge